IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SORTIUMUSA, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC HUNGER, CHICAGO AMERICAN MANUFACTURING, INC., and BIG TIME PRODUCTS, INC.,<br><br>        Defendants. | Case No. 3-11-cv-01656-M |

## BIG TIME'S MOTION FOR RULE 11 SANCTIONS

Peter L. Loh
GARDERE & WYNNE, L.L.P.
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
Telephone: 214.999.3000
Fax: 214.999.4667

OF COUNSEL:

Gregory J. Digel
(admitted pro hac vice)
Georgia Bar No. 221750
Paul E. Vranicar
Georgia Bar No. 288926
HOLLAND & KNIGHT LLP
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, GA 30309-3453
Telephone: 404.817.8500
Fax: 404.881.0470

Defendant Big Time Products, LLC ("Big Time"), incorrectly identified as Big Time Products, Inc., pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, respectfully moves the Court to enter an Order awarding Big Time its attorneys' fees incurred in defending the frivolous claims filed by SortiumUSA, LLC ("Plaintiff").

## I.   INTRODUCTION

Plaintiff has taken its fifth bite at the apple. With every amendment to the Complaint, the Court has given specific instructions to Plaintiff, and Plaintiff has willfully ignored them. The Court dismissed Plaintiff's original Complaint in its entirety and outlined precisely the type of facts Plaintiff needed to allege. The Court also admonished Plaintiff of its Rule 11 obligations no less than three times. As a result of Plaintiff's failure to follow the Court's instructions, the Second Amended Complaint[1] fared only slightly better than the original, and the Court dismissed five of the eight claims asserted against Big Time.[2] Now, the only claim asserted against Big Time—copyright infringement—remains legally and factually deficient and once again defies the Court's directives.  Since the inception of this litigation, Plaintiff has made clear that it is willing to disregard the Court's imperatives, make any allegation, no matter how contradictory or conclusory, and assert legal positions that have *zero* authority to support them.  The Court should not tolerate this type of conduct any longer.

## II.   STATEMENT OF FACTS

The Court doubtless recalls its numerous warnings to Plaintiff about pursuing frivolous claims against Big Time. At the March 23, 2012, hearing on Big Time's first Motion to Dismiss,

---

[1] The First Amended Complaint lasted 33 days before it was replaced by the Second Amended Complaint pursuant to a Consent Order. [Docket Nos. 18 and 28.]

[2] The Court dismissed outright 15 of 23 Counts in the Second Amended Complaint and dismissed parts of several others. [Docket No. 66.]

the Court warned Plaintiff of its obligations under Rule 11 on three occasions. (Docket No. 15-4 at 18.) The Court again raised the specter of Rule 11 sanctions in its March 31, 2013, Memorandum and Opinion Order. (*See, e.g.,* Docket No. 66 at 4, 33.) And if all these warnings were not enough, Big Time itself has twice warned Plaintiff that it would seek sanctions if Plaintiff did not dismiss all of its remaining claims against Big Time. Indeed, on two separate occasions, September 20, 2012 and June 7, 2013, Big Time notified Plaintiff of its intent to seek sanctions under Rule 11. On the second occasion, Big Time provided it with a draft motion.[3] Instead, it continues to insist on needlessly prolonging Big Time's presence in this litigation.

### III. ARGUMENT AND AUTHORITIES

When a litigant or his attorney signs and files a pleading, he/she is representing to the Court that 1) the pleading is not being presented for an improper purpose, 2) the legal contentions in the pleading are warranted by existing law (or there is a good faith argument to extend or modify existing law), and 3) admissible evidence support or will support any factual allegations. Fed. R. Civ. P. 11(b). The draftsmen specifically intended this Rule to discourage frivolous pleadings at issue in the instant case as the Rule "subject[s] litigants to potential sanctions for insisting upon a position after it is no longer tenable." *Id.* (Advisory Committee Note); *see also Pin v. Texaco, Inc.,* 793 F.2d 1448 (5th Cir. 1986) (imposing Rule 11 sanctions against a plaintiff for adding claims to the complaint in an attempt to "keep the lawsuit alive."). Indeed, the Rule is not toothless: subsection (c) authorizes the Court to impose sanctions for a violation of the Rule including an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as well as an order assessing penalties

---

[3] The instant motion has the benefit of additional evidence in the form of deposition testimony depositions taken since Big Time's service of the original motion. Nonetheless, the arguments and relief sought in the two versions are consistent.

payable to the Court. *See, e.g., Willy v. Coastal Corp.*, 915 F.2d 965 (5th Cir. 1990). In addition, the filing of a frivolous pleading after a warning from the district court routinely leads to Rule 11 sanctions. *See, e.g., id.; Searcy v. Houston Lighting & Power Co.*, 907 F.2d 562, 565 (5th Cir. 1990).

The Fourth Amended Complaint violates Rule 11(b) (1), (2), and (3) by asserting a claim against Big Time that is not warranted by existing law, is entirely devoid of evidentiary support, and serves no other purpose than to needlessly prolong Big Time's involvement in this litigation.

**1. Plaintiff's copyright claim is not warranted by existing law.**

a. <u>Plaintiff cannot claim authorship of the Glove Display's roof.</u>

The gravamen of a claim for copyright infringement is authorship of original work. *Feist Publ'ns v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Design Ideas, Ltd. v. Yankee Candle Co., Inc.*, 899 F. Supp. 2d 1119, 1125 (C.D. Ill. 2012). An author "actually creates the work . . . the person who translates the idea into a fixed expression entitled to copyright protection." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). Originality requires "work independently created by the author" possessing a minimal degree of creativity. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). Plaintiff alleges that the creative and original aspects of the Glove Display are the "pitched roof atop a box-shaped cabinet, giving the visual impression of a shack or shed, with the pitched roof including a pair of triangular gables and a pair of rectangular transparent roof panels that add a greenhouse effect to the structure." (Docket No. 81 at ¶ 165.) As discussed in greater detail below, however, Big Time had been using a display with a gabled roof and considering clear panels for the roof for at least three years before it ever had any dealings with Plaintiff. (App02.)

Thus, this claim fails to meet the most fundamental element of a copyright claim: original authorship.

    b.  <u>Plaintiff cannot claim the Glove Display's roof is artistic.</u>

The Copyright Act does not extend copyright protection to the utilitarian elements of industrial and other designs, such as the functional elements of a chair or bookshelf. *See* 17 U.S.C. § 101. Copyright protection is only appropriate when the allegedly "artistic" elements cannot be either physically or conceptually separated from the rest of the design. *See Norris Indus., Inc. v. Int'l Tel. & Tel.. Corp.*, 696 F.2d 918, 923 (11th Cir. 1983); *Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.*, 834 F.2d 1142 (2d Cir. 1987); *Carol Barnhart, Inc. v. Econ. Cover Corp.*, 773 F.2d 411 (2d Cir. 1985). Physical separability means "that after removal of those features which are necessary for the utilitarian function of the article, the artistic features would nevertheless remain intact." *Norris*, 696 F.2d at 923. Instead, the clear roof of the Glove Display is functional allowing light into the display to illuminate its contents (i.e., garden gloves) while also offering protection from the elements. (App30-App31.) Accordingly, the roof cannot be removed—otherwise, its purpose—product production—is lost. It is, then, axiomatic that the roof is not artistic under *Norris*, *Brandir*, or *Barnhart*.

    c.  <u>Plaintiff is precluded from attorneys' fees and statutory damages.</u>

Plaintiff seeks treble damages and attorneys' fees under the Copyright Act for Big Time's alleged infringement of the purported copyright for the Glove Display. (Docket 81 at p. 40.) However, section 412 of the Copyright Act provides that a plaintiff must register its copyright within one <u>month</u> of learning of potential infringement in order to be entitled to statutory damages such as attorneys' fees and treble damages. 17 U.S.C. § 412. The Fourth Amended Complaint alleges that Plaintiff learned of the purported infringement in April 2011; yet Plaintiff

waited one *year*, until April 26, 2012, to file an application for copyright registration.[4] (Docket No. 81 at ¶¶ 62-63, 160-173.) Accordingly, the damages Plaintiff seeks for the purported copyright violations are not warranted by existing law and violate Rule 11(b)(2).

### 2. Plaintiff's copyright claim has no evidentiary support.

####  a. Big Time previously used essentially the same display before contacting Plaintiff.

In its Memorandum and Opinion Order, the Court stated that it was a "close question" as to whether Plaintiff's copyright claim should be dismissed as pled and expressed doubt as to whether the design of the Glove Hut is even copyrightable. (Docket No. 66 at 32.) The evidence clearly answers this marginally disputed issue.  Big Time had been using a rectangular display with a gabled roof since at least 2006, more than three years before Big Time ever had any dealings with Plaintiff. (App02-App03.)  During that time, Big Time ordered 4,506 such displays and placed them in retail stores such as The Home Depot across the country. (App02. )  In fact, in the meeting also described in Paragraph 36 of the Fourth Amended Complaint, Big Time had one of the "Glove Hut" displays with a gabled roof in the very conference room where the meeting took place. (App03.)

#### b. Plaintiff did not prepare the drawings of the Glove Display.

Originality requires "a work independently created by its author, one not copied from pre-existing works." *Boisson v. Banian, Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001). Uncontroverted testimony of key witnesses has revealed that the Plaintiff did not prepare the drawings used to manufacture the displays in the first place.  (App14-App16; App21.)   Instead, Defendant Chicago American Manufacturing, Inc. ("Chicago") created them, with input from both Plaintiff and Big Time. (*Id.*)

---

[4] The application was filed the day before Plaintiff filed its Amended Complaint. (Docket No. 28-1 at 7.)

c. <u>The clear roof was not Plaintiff's idea.</u>

Moreover, the idea behind using a clear pitched roof on an outdoor display had a practical purpose: it would shield the contents from the elements and allow light into the display. (App30-App32.) Though displays it purchased from Plaintiff utilized clear roof panels, Big Time had been considering the idea since at least as early as 2007—well before any contact with Plaintiff. (App02.) Indeed, it was Big Time that had asked Plaintiff to put a clear roof on the display. (App03; App27-App28).)

Plaintiff's representatives saw the gabled "Glove Hut" design when they visited Big Time's offices. (App03.) So, two things must have been and remain readily apparent to Plaintiff: 1) its eventual copyright claim is without any evidentiary support, and 2) the basis of the claim itself—the Sherwood/Franke copyright application—was false. Count 8 violates Rule 11(b)(3).

**3. Plaintiff's Copyright claim serves no purpose other than to harass Big Time and attempt to extort a settlement.**

As seen above, the purported copyright claim is bereft of legal or factual support. The Fourth Amended Complaint, therefore, also violates Rule 11(b)(1) because Plaintiff has asserted a claim against Big Time solely to harass Big Time, cause unnecessary delay, and needlessly increase the cost of litigation. *See* Fed. R. Civ. P. 11(b)(1). Big Time has done ***nothing*** to cause any injury to Plaintiff. The only thing Big Time did was change display vendors. Big Time did not infringe any copyright because it only continued to use a design that it had been using for several years. Big Time did not profit at all from the purchase of the displays since it does not sell them. (*Id.* at 21.) Plaintiff's claim for copyright infringement violates Rule 11(b)(1).

### IV. CONCLUSION

Plaintiff's final claim against Big Time serve no purpose other than to prolong Big Time's participation in this litigation. This is not a mistake; Plaintiff has made deliberate

misrepresentations to the Court and the copyright office concerning its alleged interest in the Glove Display. The only logical conclusion to draw from these facts is that Plaintiff has dragged Big Time into this litigation to contribute to a settlement fund.

Between two motions to dismiss, the dismissal of its original Complaint, the dismissal of the vast majority of the claims in the Second Amended Complaint, and the ample warnings of the Court, Plaintiff cannot pretend (on the fifth try!) it did not know its claim against Big Time is untenable. Since prior admonitions have failed to deter Plaintiff and its counsel, Big Time respectfully requests the Court find that Plaintiff and its counsel are liable to Big Time for its fees and expenses incurred in the defense of this frivolous litigation and fix a date certain for Big Time to submit evidence of the same.

Respectfully submitted this 17th day of January 2014.

Case 3:11-cv-01656-M   Document 104   Filed 01/17/14   Page 9 of 10   PageID 1488

/s/ Peter L. Loh
Peter L. Loh
State Bar No. 24036982
GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
Telephone: 214.999.3000
Fax: 214.999.4667

OF COUNSEL:

Gregory J. Digel (admitted *pro hac vice*)
Georgia Bar No. 221750
Paul E. Vranicar (pro hac vice application forthcoming)
Georgia Bar No. 288926
HOLLAND & KNIGHT LLP
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, GA 30309-3453
Telephone: 404.817.8500
Fax: 404.881.0470

**ATTORNEYS FOR DEFENDANT
BIG TIME PRODUCTS, LLC**

BIG TIME'S MOTION FOR RULE 11 SANCTIONS                Page 9

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on September 20, 2012, counsel for Big Time notified counsel for Plaintiff that Big Time would seek Rule 11 sanctions if Plaintiff did not dismiss its claims. On June 7, 2013, counsel for Big Time transmitted a motion substantially similar to the one herein seeking the same relief. Counsel for Plaintiff ignored both the correspondence and transmission of the motion.

/s/ Peter L. Loh
Peter L. Loh

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 17, 2014, he served the foregoing on all counsel of record via the Court's electronic filing system.

/s/ Peter L. Loh
Peter L. Loh