IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SORTIUMUSA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:11-cv-1656-M |
| | § | |
| ERIC HUNGER, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendants Eric Hunger ("Hunger") and Chicago American Manufacturing, LLC's ("CAM") Motion for Sanctions [Dkt. No. 98] and Defendant Big Time Products, LLC's ("Big Time") Motion for Sanctions [Dkt. No. 104] have been referred to the undersigned magistrate judge for recommendation or determination. *See* Dkt. Nos. 102 & 105. These motions seek Federal Rule of Civil Procedure 11 sanctions in the form of Defendants' attorneys' fees and costs. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

## Background

On July 13, 2011, Plaintiff SortiumUSA, LLC ("Sortium" or "Plaintiff") filed its Original Complaint, asserting 20 counts against Defendants. "The gravamen of Plaintiff's Complaint is that [former employee] Hunger, on behalf of CAM, sold to Big Time, Sortium's previous client, a garden glove display using Sortium's designs and other proprietary information wrongfully retained by Hunger, and/or wrongfully used

-1-

by CAM." Dkt. No. 66 at 4. On March 23, 2012, Judge Barbara M.G. Lynn conducted

a hearing on Big Time's motion to dismiss, reminded Sortium of its obligations under

Rule 11, granted the motion to dismiss, and instructed Sortium to file an amended

complaint consistent with her ruling. *See* Dkt. No. 15 at 25-26.

Sortium filed its First Amended Complaint on April 27, 2012, *see* Dkt. No. 18,

and, with leave of Court, a Second Amended Complaint on May 30, 2012, *see* Dkt. Nos.

27 & 28. Motions to dismiss by all named defendants were considered at a January 17,

2013 hearing before Judge Lynn. *See* Dkt. No. 65. The Rule 12(b)(6) motions were

granted in part and denied in part in a detailed written opinion. *See* Dkt. No. 66. Judge

Lynn held that:

> The Motions to Dismiss counts 1, 2, and 3 are granted in part and denied
> in part. Plaintiff's claim against Hunger for breach of the nondisclosure
> requirements as they relate to customer list remains, because the
> customer list is alleged to be Plaintiff's trade secret. Count 2 against
> Hunger of breach of fiduciary duty in interfering with Sortium's
> relationship with Big Time survives. Count 3 remains to the extent
> Plaintiff alleges that CAM is responsible for the alleged misappropriation
> of a trade secret (customer list) that occurred while Hunger was working
> for CAM. Counts 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 are
> dismissed with prejudice in their entirety. Counts 8, 9, 21, 22, and 23
> remain as pleaded. Plaintiff shall file a clean and red-lined Third
> Amended Complaint, stating the status of its copyright application and
> pleading only claims the Court has permitted to proceed within fourteen
> days of the date of this Order. Because the Court has decided Georgia law
> applies to Plaintiff's claims, Plaintiff is granted leave to plead violations
> of the Georgia Trade Secrets Act. Except as stated herein, Plaintiff may
> not otherwise amend. No further motions to dismiss will be permitted
> except for non-compliance with this Order.

*Id.* at 32-33.

Sortium then filed a Third Amended Complaint. *See* Dkt. No. 70. Because

Defendants CAM and Hunger believed that Sortium continued to include allegations barred by Judge Lynn's Order, they agreed that a fourth amendment was appropriate, and Judge Lynn granted leave to file another amended complaint. *See* Dkt. Nos. 77 & 80. The Fourth Amended Complaint was then filed on July 12, 2013. *See* Dkt. No. 81. This complaint is the operative pleading before the Court.

By their January 6, 2014 Rule 11 motion, served on Sortium on December 11, 2013, CAM and Hunger allege that the Fourth Amended Complaint includes allegations expressly rejected by Judge Lynn – including claims that the glove display at issue is a trade secret – and claims that are based upon allegations that Sortium either knows to be false or for which there is no factual basis. *See* Dkt. No. 98 at 8.

Big Time similarly alleges that Sortium has asserted copyright claims that are not warranted by existing law, are devoid of evidentiary support, and serve no other purpose that to harass Defendants and prolong this litigation. *See* Dkt. No. 104 at 2. A draft of Big Time's motion was sent to Sortium on June 7, 2013, before Sortium filed its Fourth Amended Complaint. *See* Dkt. No. 112 at 4-16. Big Time filed its motion for sanctions on January 17, 2014. *See* Dkt. No. 104.

The undersigned ordered Defendants to file supplemental appendices on the issue of Rule 11's safe-harbor provision and *sua sponte* extended Plaintiff's deadline to respond to the pending motions for sanctions. *See* Dkt. No. 111. Defendants filed the supplemental appendices. *See* Dkt. Nos. 112 & 113. But Plaintiff has not responded to the motions for sanctions – either within the deadline dictated by the Court's local rules based on the date of the motions' filing or within the extended deadline set by the

Court's February 10, 2014 order. Therefore, the undersigned issues these findings, conclusions, and recommendation without the benefit of Plaintiff's response.

## Legal Standards

Rule 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. *See* FED. R. CIV. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose, *see* FED. R. CIV. P. 11(b)(1); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, *see* FED. R. CIV. P. 11(b)(2); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, *see* FED. R. CIV. P. 11(b)(3). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "'to spare innocent parties and overburdened courts from the filing of frivolous lawsuits,'" *Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, No. 3:10-cv-897-L, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011) (quoting *Kurkowski v. Volcker,* 819 F.2d 201, 204 (8th Cir. 1987)), *rec. adopted*, 2011 WL 816861 (N.D. Tex. Mar. 9, 2011).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. *See* FED. R. CIV. P. 11(c)(1). These may include monetary and injunctive sanctions, *see Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *see Cappa Fund*, 2011 WL 817384, at *2 (citing *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003)).

Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *See Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); FED. R. CIV. P. 11(c)(4). A sanction under Rule 11 is "an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, No. 3:95-cv-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997).

Under Rule 11, a motion for sanctions may not be filed until at least 21 days after service of the motion on the offending party. *See* FED. R. CIV. P. 11(c)(2). If, during this period, the alleged violation is withdrawn or appropriately corrected, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to remedy the improper paper, claim, defense, contention, or denial. *See id.*; *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). The safe-harbor provision is strictly construed, and substantial compliance and informal notice and opportunity to withdraw are not sufficient. *See Reyes v. Kroger Texas, LP*, No. 3:10-cv-922-B, 2010 WL 4316084, at *4 (N.D. Tex. Oct. 2, 2010) (citing *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008)), *rec. adopted*, 2010 WL 4321585 (N.D. Tex. Oct. 25, 2010). A Rule 11 motion for sanctions is properly denied when the movant fails to comply with the safe-harbor provision. *See Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The movant has the burden to show compliance. *See Reyes*, 2010 WL 4316084, at *4 (citing *Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009)).

**Analysis**

Big Time's Motion for Rule 11 Sanctions

The record is clear that Big Time sent to Sortium a draft motion for Rule 11 sanctions on June 7, 2013. *See* Dkt. No. 112 at 4-16. Sortium filed an amended complaint on July 12, 2013. *See* Dkt. No. 81. Big Time then filed its Motion For Rule 11 Sanctions on January 17, 2014. *See* Dkt. No. 104. That motion is similar, but not identical, to the draft motion sent to Sortium. *Compare* Dkt. No. 112 at 4-16, *with* Dkt. No. 104.

Big Time's failure to serve the Plaintiff during the safe-harbor period with the same motion for sanctions that it later filed with the Court indicates that it has not strictly complied with Fed. R. Civ. P. Rule 11(c)(2). Rule 11(c)(2) provides: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." FED. R. CIV. P. 11(c)(2). Rule 11's plain language provides that the movant must file with the Court, after the expiration of the safe-harbor period, the motion that was served upon the adversary. *See Hyman v. Borack & Assocs.*, No. 8:12-cv-1088-T-23TGW, 2012 WL 6778491, at *2 (M.D. Fla. Dec. 17, 2012), *rec. adopted*, 2013 WL 68534 (M.D. Fla. Jan. 4, 2013); *see also Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) ("[t]he plain language ... requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion"); *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1350-51 (S.D. Fla. 2009) ("By its plain

language, Rule 11 requires a movant to file and serve the same sanctions motion.");
*O'Connell v. Smith*, No. CV 07-0198-PHX-SMM, 2008 WL 477875, at *2 (D. Ariz. Feb. 19, 2008) (rejecting the contention that service of a "draft" motion for sanctions satisfies the safe harbor provision of Rule 11); *Wells Fargo Home Mortg., Inc. v. Taylor*, Nos. 04-825 & 04-841, 2004 WL 1771607, at *1 (E.D. La. Aug. 5, 2004) (a draft of a different motion for sanctions "is not sufficient to fulfill the Rule 11 requirements").

"The requirement that the actual motion be served was deliberately imposed ... to ensure that the moving party understands the seriousness of [the] motion and [that it] will define precisely the conduct claimed to violate the rule." *O'Connell*, 2008 WL 477875, at *2. Big Time's failure to serve a copy of the actual motion for sanctions upon Sortium at least 21 days prior to its filing with the Court warrants denial of the Rule 11 motion. *See In re Miller*, 414 F. App'x 214, 218 n.4 (11th Cir. 2011) (the failure to give plaintiff the 21 day safe harbor period forecloses Rule 11 sanctions); *Roth*, 466 F.3d at 1192; *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (advance warning does not cure the failure to comply with Rule 11's strict procedural requirement).

Hunger and CAM's Motion for Sanctions

Hunger and CAM complied with Rule 11(c)(2)'s safe-harbor provision by emailing a copy of their Motion for Sanctions to Sortium on December 11, 2013. *See* Dkt. No. 113. When Sortium did not remedy the alleged violations within the 21-day period, Hunger and CAM filed the same motion with the Court on January 6, 2014. *Compare* Dkt. No. 113 at 8-29, *with* Dkt. No. 98 at 1-24. Therefore, the motion is

properly before the Court and should be considered on the merits.

Hunger and CAM raise nine instances of sanctionable conduct by Sortium. They contend that many of the allegations in the "Facts" section supporting Sortium's claims appear to reassert the claims of the misappropriation of designs for the glove display that were expressly rejected by Judge Lynn. *See* Dkt. No. 98 at 8-12. These defendants also seek sanctions for what they believe to be legally and factually baseless allegations that are contained in Count 1 through Count 8 of Plaintiff's Fourth Amended Complaint. *See id.* at 12-22.

*Fact Section*

Hunger and CAM seek sanctions for statements made in the factual background section of Sortium's complaint that appear to assert that the defendants misappropriated the glove display. They cite allegations that the designs were "the sole and exclusive property of Sortium," that CAM is selling products using information "properitary to Sortium," that the display "either bore Sortium's corporate name or corporate logo or the Client Confidentiality and Ownership Notice," and other unspecified statements that "reflect an attempt to assert the very trade secret claims this Court expressly rejected." Dkt. No. 98 at 8-9. CAM and Hunger also suggest that the discovery requested by Sortium relates to these dismissed claims and indicates an intention to further prosecute them. *See id.* at 10-11.

Whether or not these factual allegations indicate Sortium's belief that the defendants misappropriated their designs, the assertions made in their preamble are not pled as the causes of action previously dismissed by the Court. Judge Lynn did

dismiss Counts 6 and 7 of the Second Amended Complaint, which allege the misappropriation of trade secrets by CAM, finding that Sortium failed to plead sufficient facts to establish a cause of action for misappropriation. *See* Dkt. No. 66 at 21-23. The Court further instructed Sortium that it must file an amended complaint "pleading only the claims the Court has permitted to proceed." *Id.* at 33.

It appears that Sortium did just that. The undersigned does not read Sortium's complaint to attempt to re-assert the dismissed claims. There is simply no indication that the vague references to proprietary information – which are not stated in a separate cause of action – so blatantly violate Judge Lynn's ruling as to justify the "extraordinary remedy" of a sanction under Rule 11. *See Laughlin*, 1997 WL 135676, at *8. That defendants believe that certain contentions in the fact section of Sortium's brief indicate "that Sortium and its counsel are ignoring the Court's Order," Dkt. No. 98 at 12, does not establish the "rare and exceptional case" of clear, willful, and egregious conduct that must be deterred through the imposition of Rule 11 sanctions, *Laughlin*, 1997 WL 135676, at *8.

*Substantive Counts of Sortium's Complaint*

The remainder of CAM and Hunger's motion seeks the imposition of sanctions for Sortium's conduct in asserting Counts 1 through 8 of the Fourth Amended Complaint, which allegedly contain allegations that are legally or factually baseless. All of these contentions by CAM and Hunger have one thing in common: they all fault Sortium for bringing claims that – although they survived a motion to dismiss – are alleged to be without merit. *See* Dkt. No. 98 at 12-18. Hunger and CAM's belief that

Sortium's claims for relief are legally or factually baseless may or may not be well-taken. But a motion for sanctions is not the appropriate vehicle for the Court to find that a facially valid claim is without factual or legal support.

The allegations in this Rule 11 motion are essentially summary judgment arguments about the legal and factual sufficiency of the complaint. This motion is therefore not a proper invocation of the Court's discretion to impose the extraordinary remedy of sanctions for the "rare and exceptional case where the action is <u>clearly</u> frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Laughlin*, 1997 WL 135676, at *8 (emphasis in original). This is especially true because this Rule 11 motion as to Counts 1 through 7 is identical in almost every way – in structure, legal arguments, and case citations – to CAM and Hunger's motion for summary judgment that is currently pending before the Court. *Compare* Dkt. No. 98 at 12-21, *with* Dkt. No. 109 at 11-21. That is, seven of the final eight grounds supporting the motion for sanctions are the same as those supporting CAM and Hunger's Rule 56 motion. The final ground for sanctions, which summarily cites to the draft motion sent to Plaintiff by Big Time in June 2013, is more thoroughly expanded upon in the motion for summary judgment. *See* Dkt. No. 98 at 22; Dkt. No. 109 at 21-26. This final claim for sanctions urges – like those challenging all of the other grounds for relief – that Count 8 "is both legally deficient and baseless." Dkt. No. 98 at 22.

In determining whether Rule 11 sanctions should be imposed, the Court does not judge the merits of the action but rather, determines whether an attorney has abused the judicial process. *See Cooter & Gell*, 496 U.S. at 396. Rule 11 should not be used to

test the legal or factual sufficiency of a party's claims. The Advisory Committee Notes for Rule 11 explain that "Rule 11 motions ... should not be employed ... to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." FED. R. CIV. P. 11 advisory committee's note (1993 Amendments); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 416-17 (S.D.N.Y. 2003). In essence, "Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1336 (2d ed. Supp. 2003); *see also Blue v. United States Dep't of the Army*, 914 F.2d 525, 535 (4th Cir. 1990) ("[C]laims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motion[s].... As a general matter, dismissal of a frivolous ... case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort."). A Rule 11 motion for sanctions is not a proper substitute for a motion for summary judgment.

The distinct approaches that courts employ in disposing of Rule 11 and summary judgment motions underscore the meaningful differences between the purposes and standards associated with Rule 11, a rare and extraordinary remedy that governs the imposition of certain types of sanctions, and Rule 56, which governs motions for summary judgment. *See Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 960-961 (6th Cir. 1990). At the very least, it is well settled that a claim that has "some plausible basis, [even] a weak one," is sufficient to avoid sanctions under Rule 11. *United Nat. Ins. Co.*

-11-

*v. R & D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001). That is true even where the evidence is weak and could not survive summary judgment. *See Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) (reversing grant of Rule 11 sanctions where, although evidence was "weak" and could not survive summary judgment, court could not "say that the complaint [was] so lacking in plausibility as to ... subject [the attorney] to" sanctions). Rule 11, again, is meant to deter significant abuses of the judicial process by an attorney, not weed out his or her weak legal and factual arguments.

In light of the significant differences between the procedures and standards associated with summary judgment and those associated with the imposition of sanctions, the imposition of Rule 11 sanctions is inappropriate in this case. CAM and Hunger's motion for sanctions should be denied.

## Recommendation

Defendant Big Time's Motion for Rule 11 Sanctions [Dkt. No. 104] should be denied for failure to abide by the safe-harbor provision of Federal Rule of Civil Procedure 11(c)(2). Defendants Eric Hunger and Chicago American Manufacturing, LLC's Motion for Sanctions [Dkt. No. 98] should be denied on its merits.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 27, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE