**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| SORTIUMUSA, LLC, | |
| Plaintiff, | |
| v. | Case No. 3-11-CV-01656-M |
| ERIC HUNGER, CHICAGO AMERICAN MANUFACTURING, INC., and BIG TIME PRODUCTS, INC., | |
| Defendants. | |

**BIG TIME'S OBJECTION TO REPORT OF
THE UNITED STATES MAGISTRATE JUDGE**

Defendant Big Time Products, LLC ("Big Time") respectfully objects to the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (the "Report") issued in connection with Big Time's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure against plaintiff SortiumUSA, LLC ("Sortium"). (Docket Nos. 104 and 127.) The Magistrate Judge recommended denial of Big Time's requested relief solely because the version of the motion Big Time served on Sortium months earlier (the "Safe Harbor Pleading") differed from the version eventually filed with the Court (the "Filed Motion"), well beyond the safe harbor period in Rule 11(c)(2). (Docket No. 127 at 12.)  However, the only substantive difference between the Safe Harbor Pleading and the Filed Motion is that Big Time removed arguments relating to two of the claims that Sortium withdrew **_after_** receiving the Safe Harbor Pleading.  Other than the removal of the (moot) arguments, the Filed Motion's only other changes were merely stylistic or the citation to evidence developed in discovery conducted (at no

small expense to Big Time) after service of the Safe Harbor Pleading.[1]   Thus, the Safe Harbor

Pleading fulfilled the purpose of Rule 11(c)(2), and the Court should consider and grant the Filed

Motion on the merits.

### PROCEDURAL GROUNDS

Big Time objects to the Report because it complied with the Rule 11's safe harbor

provision. On June 7, 2013, Big Time served Safe Harbor Pleading. (Docket No. 112 at 4-16.)

The Safe Harbor Pleading provided notice that all three of Sortium's then-pending claims against

Big Time were legally and factually frivolous. (*Id*.) Those three claims included purported

claims for conspiracy, equitable accounting, and copyright violations. (*Id*.) On July 21, 2013,

Sortium subsequently filed its Fourth Amended Complaint withdrawing two of the claims and

leaving only the copyright claim. (Docket No. 81.)

On January 17, 2014, Big Time filed the Filed Motion eliminating arguments relating to

the since-dropped claims for equitable accounting and conspiracy claims. (Docket No. 104.) The

Filed Motion instead focused solely on the legal and factual frivolity of the copyright claim. (*Id.*)

Nonetheless, the Magistrate Judge concluded that the differences between the Safe Harbor

Pleading and the Filed Motion precluded its consideration on the merits. (Docket No. 104.)

The Fifth Circuit has never held that the motion for sanctions filed with the court must be

identical to the one served on the opposing party. Moreover, none of the cases cited in the Report

(all of which were outside the Fifth Circuit) hold that the removal of moot arguments from the

final version of a Rule 11 motion prevents its consideration and ultimately the imposition of

sanctions. Indeed, the authority the Report relies on is distinguishable from this case:

---

[1] For the convenience of the Court, Big Time attaches a redline comparison of the Motion for Sanctions, as filed on January 17, 2014, and the Safe Harbor Pleading served on June 7, 2013. (App01-App10.)

**BIG TIME'S OBJECTION TO THE REPORT OF**
**THE UNITED STATES MAGISTRATE JUDGE**                                                                          **2**

- In *Roth v. Green*, 466 F.3d 1179 (10th Cir. 2006), the party moving for sanctions had sent warning letters, but never sent a draft of the motion until the day it was filed. *Roth*, 466 F.3d at 1192;

- *Wells Fargo Home Mortg., Inc. v. Taylor*, 2004 WL 1771607 (E.D. La. 2004), addressed a draft of a Rule 11 motion entirely different from the motion filed with the Court which argued different grounds for imposing sanctions;

- In *O'Connell v. Smith*, 2008 WL 477875 (D. Ariz. 2007), the draft of the motion "differ[ed] from the [motion filed] in numerous instances, many of which [we]re substantive." *O'Connell*, 2008 WL 477875 at *2;

- The motion filed in *Hyman v. Borack & Assoc.*, 2012 WL 6778491 at *3 (M.D. Fla. 2012) was "twice the page length" of the draft, "and assert[ed] new contentions and arguments"; and

- *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1350 (S.D. Fla. 2009) ("[T]he motion for sanctions now before the Court is 14 pages long and contains numerous facts and arguments not raised in the draft motion.").

Thus, the Report applied an interpretation of law that is narrower and more stringent than the prevailing authority.

Here, the Safe Harbor Pleading differed from the Filed Motion primarily due to the removal of arguments relating to the withdrawn claims. As a result, the Filed Motion was shorter than the Safe Harbor Pleading while the legal and factual arguments on the remaining copyright claim were essentially the same. Sortium was not injured or prejudiced by the removal of the arguments relating to withdrawn claims. What legitimate purpose would have been served by requiring Big Time to send another safe harbor pleading?

Indeed, Sortium has not demonstrated that it would have withdrawn the copyright claim if only it had received a Safe Harbor Pleading limited to the copyright claim. On the contrary, after receiving multiple Rule 11 admonitions from both the Court and Big Time, including the Safe Harbor Pleading, Sortium did the following:

- Filed a Third Amended Complaint which still asserted the copyright claim (Docket No. 81 at p. 34-37);

- Persisted in asserting the copyright claim in the face of Big Time's motion for Summary Judgment (Docket No. 97); and

- Sought leave to file a Fourth Amended Complaint which presumably would have yet again included the copyright claim. (Docket No. 106.)

In short, the Fifth Circuit has never required an aggrieved party to do a useless act in order to seek Rule 11 relief, and as the above conduct shows, sending an additional safe harbor pleading limited to the copyright claim would have been futile.

## SUBSTANTIVE GROUNDS

Big Time objects to the Report because the Safe Harbor Pleading spelled out explicitly the reasons why the copyright claim violated Rule 11. (Docket No. 104.) Not the least of these reasons was that the Sortium did ***not*** originate Glove Hut design featuring the gabled roof and clear panels and ***knew*** it. Big Time had been using the gabled roof design since at least 2006, and the idea of incorporating clear panels originated with a Big Time customer. (Docket No. 104-1 at p. 5.) Sortium knew about this earlier use of the gabled roof design. (*Id*. at pp. 6 and 30-35.) Yet Sortium not only refused to take advantage of the safe harbor by dismissing the copyright claim, it engaged in expensive discovery which only confirmed this evidence supplied with the Safe Harbor Pleading. (*Id*.; Docket No. 106-1 at pp. 7-8, 18-19). Indeed, Sortium's own president admitted Sortium had no evidence to support its copyright claim and the dimensions of the display were in the public domain and easily copied. (*See* App11-App24.)

## CONCLUSION

In June 2013, Big Time provided evidence to Sortium demonstrating the fundamental flaws in its copyright claim. Sortium (and, presumably its attorney) already knew about this

evidence. Yet both lawyer and client plowed forward costing Big Time substantial additional fees. Sortium and its counsel violated Rule 11, and this Court should assess sanctions against them.

In the Report, the Magistrate Judge notes that the safe harbor provision is designed to "ensure that the moving party understands the seriousness of the motion and that it will define precisely the conduct claimed to violate the rule." (Docket No. 127 at 7.) Big Time's draft of its Rule 11 motion did precisely that. Accordingly, Big Time respectfully objects to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge denying sanctions against Sortium, requests that the Court grant its Motion for Sanctions against Sortium and its counsel, and asks that the Court fix a date certain for Big Time to submit evidence of the fees and expenses incurred in defense of this frivolous litigation.

Respectfully submitted this 13th day of March 2014.

*/s/ Peter L. Loh*
Peter L. Loh
Texas Bar No. 24036982
GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
Telephone: 214.999.3000
Fax: 214.999.4667

OF COUNSEL:

Gregory J. Digel
(admitted *pro hac vice*)
Georgia Bar No. 221750
Paul E. Vranicar
(*pro hac vice* application forthcoming)
Georgia Bar No. 288926
HOLLAND & KNIGHT LLP
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, GA 30309-3453
Telephone: 404.817.8500
Fax: 404.881.0470

ATTORNEYS FOR
BIG TIME PRODUCTS, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record via the Court's ECF system on March 13, 2014.

*/s/ Peter L. Loh*
Peter L. Loh